IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY M. MAPLES, #1965775 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv560 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION ADOPTING THE REPORT
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry Michael Maples, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Van Zandt County conviction. The cause of action was referred to the United States Magistrate Judge, the Honorable John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

**I. Procedural Background**

A jury convicted Maples of capital murder and he was sentenced to life imprisonment without the possibility of parole. Maples filed a direct appeal, and the Twelfth Court of Appeals affirmed his conviction. *See Maples v. State*, 2016 WL 3475334 (Tex.App.—Tyler 2016, pet. ref'd) (unpublished). The Texas Court of Criminal Appeals refused his petition for discretionary review in November 2016. Maples then filed a state application for a writ of habeas corpus in June 2017, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. He then filed this timely federal petition in October 2017.

**II. Maples' Federal Habeas Claims**

Maples argued that his constitutional rights were violated through his counsel's ineffectiveness. Specifically, he maintained that counsel was ineffective by (1) failing to hire/consult with a ballistics or reconstruction expert; (2) failing to hire a medical expert to

1

challenge the State's autopsy findings; (3) advising him not to testify; and (4) failing to build a defense surrounding a "sudden passion." Upon order of the Court, Respondent filed a response to Maples' petition. Respondent insisted that counsel was not ineffective and that Maples' claim concerning a potential "sudden passion" defense is unexhausted. Maples filed a reply to the response.

Judge Love issued a Report, (Dkt. #22), recommending that Maples' habeas petition be dismissed with prejudice. Judge Love also recommended that Maples be denied a certificate of appealability *sua sponte*. Maples has filed timely objections, (Dkt. #24).

### III. Legal Standards

*1. Federal Habeas Review*

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed a number of habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal habeas review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

### 2. Ineffective Assistance of Counsel

To show that trial counsel was ineffective, Maples must demonstrate both deficient performance and ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). In evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice." *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different. *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687)). It is well-settled that a "reasonable probability" is

3

one that is sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694. Importantly, the petitioner alleging ineffective assistance must show both deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted). Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

**IV. Discussion and Analysis**

Maples raises five separate objections to Judge Love's Report. For the reasons expressed below, his objections must be overruled.

*1. Certificate of Appealability (COA)*

In his first objection, Maples maintains that his habeas petition has not been denied by this Court and, therefore, he has no reason to file an appeal. He then proceeds to explain the appellate process. Maples insists that "at no place in the federal rules for §2244 and §2254 does the petitioner have the burden of proof for a COA." He argues that the Report "has combined the [addressing] of the merits along with its assessing eligibility for COA," which is contrary to the holding in *Buck v. Davis*, 137 S.Ct. 759 (2017).

Maples wholly misconstrues the COA process and Judge Love's recommendation. First, as mentioned in the Report, even though Maples did not file a notice of appeal at this state of the proceedings, the Court may address whether he would be entitled to one. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate

of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Judge Love found that Maples wholly failed to demonstrate the denial of a constitutional right and, consequently, recommended that he was not entitled to a certificate of appealability. To obtain a certificate of appealability, Maples must show a constitutional violation or that jurists of reason would disagree with the district court's resolution. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). While the Supreme Court in *Buck* articulated that the COA inquiry "is not coextensive with merits analysis," this means that—in theory—a district court may still find a claim meritless and grant a COA, if the Court believes that reasonable jurists could disagree. *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). However, here, Judge Love found that Maples' claims were patently meritless and that reasonable jurists could not disagree. Maples' objection on this point is without merit.

*2. Factual Background*

Maples takes issue with the Report's use of the facts surrounding his crime—which were extracted directly from the Twelfth Court of Appeals' opinion on his direct appeal. Specifically, he maintains that the facts are "simply not true" and, therefore, an evidentiary hearing is required.

5

Maples further insists that the M.C. (the victim's lover) lied and "injected false evidence into this case" because the police planted false evidence—namely, the pillow over the victim's head. He sought ballistics testing, which he claimed would have shown that the victim's lover lunged at him first.

His objection on this point is without merit. The appellate court found these facts. The facts are presumed correct absent clear and convincing evidence. *See Bostick v. Quarterman*, 580 F.3d 303, 306 (5th Cir. 2009) ("Further, state court determination of factual issues 'shall be presumed correct,' and the petitioner 'shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)). Maples has not rebutted this presumption of correctness by clear and convincing evidence because, as Judge Love found, Maples' reliance on a ballistics expert would have been immaterial to whether Maples shot his wife several times. Further, Maples raised this ballistic-trajectory claim in his state habeas application, which was denied. That denial is entitled to deference.

Maples is not entitled to an evidentiary hearing on this matter. His request for an evidentiary hearing is governed by Rule 8 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 8(a) specifies that the determination of whether an evidentiary hearing is required is to be made after an answer and state court records are filed. After a review of the record and answer, Judge Love issued a Report finding that Maples' claims were without merit and, by implication, that no evidentiary hearing was necessary. On objection, Maples fails to illustrate that an evidentiary hearing is required because he has not shown that the appellate court's articulation of the facts were incorrect through clear and convincing evidence. His objection is therefore without merit.

*3. Failure to Call a Witness and Expert Testimony*

In his third objection, Maples asserts that "the [burden] should not be shifted to Maples to hire an expert post-conviction." He then states that he provided the Court with several cases to demonstrate "why counsel should hire experts when the state's case relies heavily on [its] own experts."

Once again, Maples' objection is without merit. In his petition, he argued that counsel was ineffective for failing to hire a medical expert to challenge the autopsy results. Maples explained that medical expert testimony would confirm that the victim was not shot "twice with the same bullet." Maples states that "one shot is too many," but "he should not be held accountable [for] excess shots he never fired." He again insists that [M.C.] lunged at him when [M.C.] was shot. He also maintained that counsel was ineffective for failing to hire or consult a ballistics/reconstruction expert, as "counsel blindly accepted the State's case without his own professionally objective investigation into the facts and circumstances."

Judge Love found that Maples failed to demonstrate that counsel was ineffective because he failed to meet the necessary requirements and because his claims were purely conclusory, hypothetical, and speculative.

Trial counsel has a duty to make a reasonable investigation of a criminal defendant's case or to make a reasonable decision that an investigation is not necessary. *See Ransom v. Johnson*, 126 F.3d 716, 722 (5th Cir. 1997); *Green v. Cockrell*, 67 F. App'x 248, 2003 WL 2114722 *3 (5th Cir. 2003) (unpublished). A habeas petitioner alleging that an investigation was inadequate or nonexistent must allege—with specificity—what the purported investigation would have revealed and how it would have affected the outcome of the trial. *See Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011) (quoting *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993)).

Moreover, to prevail on a claim of ineffective assistance for counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, explain the content of the witness's proposed testimony, and show that the proposed testimony would have been favorable to him. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). The Fifth Circuit has repeatedly noted that:

> Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. Where only the evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.

*Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)); *U.S. v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014); *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). In the same vein, the Fifth Circuit has also held that "hypothetical or theoretical testimony will not justify the issuance of a writ: Rather, the petitioner must demonstrate that the 'might have beens' would have been important enough to affect the proceedings' reliability." *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (internal citation and quotations omitted).

Here, Judge Love correctly found that Maples failed to demonstrate that counsel was ineffective. First, no burden was ever shifted onto Maples to hire his own expert; instead, because he claimed counsel was ineffective, he was required to meet several elements. As Judge Love found, Maples failed to (1) specifically identify or name the uncalled witnesses, (2) articulate that the alleged witnesses were available and would have appeared to testify, or even (3) show that their testimony would have been favorable. On objection, Maples still fails to meet these elements—he simply presents "might have beens" and hypothetical testimony. The role of the federal court on habeas review is not to grant a criminal defendant a "do-over" or act as a "super state court."

8

Furthermore, given that the expert ballistics testimony he seeks is immaterial to whether he shot the victim—as he claimed that he should not be held accountable for "excess shots"—Maples cannot show that the outcome would have been different had counsel hired an expert. This objection is wholly meritless and will be overruled.

*4. Unreasonable Adjudication*

Next, Maples asserts that Judge Love's finding that he failed to demonstrate that the state habeas court's adjudication of these expert witness claims were unreasonable or contrary to federal law "proves Maples' pleadings have not received the fair attention they are deserving of for due process." He takes issue with the state habeas court's decision, the presumption of correctness under the AEDPA, and states that he has "demonstrated very concisely and with a very pointed degree of accuracy in his 2254 that experts needed to be hired."

This objection is a continuation of Maples' disagreement with Judge Love's finding that he failed to show that counsel was ineffective for failing to hire an expert witness. Contrary to his contention, however, he failed to meet *Strickland's* prongs. Aside from failing to name the witness and explain that the witness was available to testify, he wholly failed to demonstrate prejudice. His main contention is that a ballistics or reconstruction expert would have requested that the pillow be tested for blowback as well as "GSR, blood, bone matter, etc. to determine range and if the pillow was used as a buffer in an [execution] style as the State has led the court, jury and the public to believe." Maples stated that further testing of the bullet trajectories would have confirmed that the victim's lover actually lunged at him rather than just lying in bed before the first shot was fired.

Essentially, Maples insisted that a ballistics expert would have tested the pillow, the gun, and various trajectories—which would have ultimately shown that the victim's lover lunged at

9

Maples before shots were fired and would have disproved the State's assertion that five shots were fired, when only four total shots fired.

However, as Judge Love explained, Maples failed to show that such ballistics testimony would have changed the outcome of the proceedings. First, whether a hypothetical ballistics expert would have testified in this matter is purely speculative. Second, whether the victim's lover lunged at Maples is irrelevant to whether he shot his wife multiple times—especially since he readily admits that four shots were fired. While Maples argues that the police "placed the pillow," this statement is unsupported. Unsupported, conclusory allegations should be dismissed. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) ("We are thus bound to re-emphasize that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding."). The bottom line is that ballistics testimony—as Maples describes it—would not have changed the outcome of the proceedings because, as Maples admitted in his habeas petition, "one shot is too many." This objection is also without merit.

*5. Failure to Testify*

In his final objection, Maples maintains that "there was no logical reason for him to not testify, in fact the smartest thing he could have done on counsel's advice was TO testify." In his habeas petition, he argued that counsel was ineffective for advising him not to testify "on a strategy that the State would only provide first-degree murder and not capital murder," thereby violating his constitutional rights. Maples insisted that if he had explained to the jury that he had discovered his wife in bed with another man, the court may have granted an instruction on "sudden passion."

Judge Love found that the record demonstrated that Maples' decision not to testify was his personal choice, entered voluntarily and knowingly. Judge Love highlighted how Maples, under oath, explained that it was his own decision not to testify. Furthermore, Judge Love explained that

10

Defense counsel then explained to Maples how important the decision was and that once he makes his decision, "we can't ever go back," to which Maples replied "yes, sir." Immediately thereafter, defense counsel asked Maples if he had enough time to think about his decision, to which he responded in the affirmative and stated that his decision was not to testify. (Dkt. #17, pg. id. #100). Additionally, Judge Love analyzed Maples' claim of a "sudden passion defense" and found that such a defense was inapplicable to the facts.

As the Fifth Circuit explained, a criminal defendant's right to testify in his or her own defense is a fundamental right:

> The right to testify is a fundamental right that is personal to the defendant; therefore, only the defendant can waive that right, voluntarily and knowingly. A defendant who argues that his attorney prevented him from testifying must still satisfy the two prongs of *Strickland*. This court has repeatedly held there is a strong presumption that counsel's decision not to place [a defendant] on the stand was sound trial strategy. Nonetheless, counsel cannot override the ultimate decision of a defendant who wishes to testify contrary to counsel's advice.

*Bower v. Quarterman*, 497 F.3d 459, 473 (5th Cir. 2007) (internal citations and quotations omitted). Here, on objection, Maples is second-guessing his own voluntary decision not to testify.

As Judge Love explained, firm declarations in open court and under oath carry a strong presumption of verity and this Court will not entertain an attempt to hide behind those sworn words. *See United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2017) (Mem.) ("A defendant's solemn declarations in open court carry a strong presumption of truth.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Maples is relitigating his capital murder case and this Court's role on habeas review is only to review the state court's adjudications.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C.

§636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge, (Dkt. #22), is **ADOPTED** as the opinion of the District Court. Furthermore, it is

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is also

**ORDERED** that the Petitioner Maples is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED February 22, 2019.**

_____
Ron Clark, Senior District Judge